BROOM, Justice:
Appellee, Ada Oil Company, identified herein as Ada, filed its bill in the Chancery Court of Walthall County, Mississippi seeking to enjoin appellant Lewis from interfering with its operations including the laying of a pipeline across lands where Lewis owned surface rights. A temporary injunction was issued without notice to Lewis. At the trial on the merits, the temporary injunction was made permanent. Both parties had sought damages and the court disallowed all claims for damages. Lewis appeals to this Court and we affirm.
Lewis owned surface rights to the land involved. Ada was the operator of an oil, gas and mineral lease executed previously by Lewis’ predecessor in title. Ada had drilled a well on the land in the summer of 1971 which had been producing oil to the date of the hearing of this cause by the trial court. The well also produced salt water which was being stored in an earthen pit next to the well site. Production of salt water from the well had increased from three or four barrels per day to some eighteen barrels per day. There was testimony of a definite threat that salt water production would increase to the extent that the pit would not be sufficient to contain the salt water. The proof showed that unless Ada was permitted to install a pipeline beneath the surface of Lewis’ land and pipe the salt water away, accumulations of such water might well overflow the pit, resulting in damage to the land of Lewis as well as to owners of adjacent lands. According to testimony of appel-lee’s witnesses, Lewis insisted in response to conversation of representatives of Ada that they were to stay off his land and not put down a pipeline underneath his land until Ada first made a settlement or some agreement with him as to surface damages which would result from digging the ditch and laying the pipeline.
Ada filed its bill for injunctive relief and a temporary injunction was issued without notice to Lewis enjoining him from interfering with Ada’s operations in going upon his lands. In its bill Ada sought damages as a result of the alleged wrongful and unlawful acts of Lewis in interfering with the right of Ada to lay the pipeline. In response to the bill of complaint of Ada and the temporary injunc *624 tion, Lewis moved to have the court dissolve the injunction. He also answered denying that Ada was entitled to any relief. Lewis also sought damages on account of the issuance of the injunction and for beiftg “forced” to secure counsel and appear in court. No damages were allowed either party.
One of appellee’s witnesses (Price) testified at the trial on the merits that Lewis “told me he did not want anybody or any equipment on his land until he got a settlement from the company.” Another witness (Schuchs) said that Lewis “advised me not to go on his property.” Schuchs further testified that he contacted appellant with regard to the pipeline and that appellant told him “to stay off his land, regardless of what anybody else said” and further that “if he had to go to jail we would stay off that land.” Lewis took the stand and denied that he made the foregoing statements and in testifying about his telephone conversation with appellee’s attorney stated: “I said I had rather you not until they fix the damages . . . .” The chancellor, who heard and observed each witness testify, had the right to make any finding of fact substantiated by the testimony of either side. He found for appellee as he had a right to do upon conflicting testimony.
After hearing testimony on behalf of both parties, the trial court found the following facts, to-wit:
1. Production of salt water was increasing significantly so that Ada “faced . imminent additional increase” and that a very small pit was available to contain salt water.
2. Prudence on the part of Ada necessitated immediate steps to take care of salt water.
3. The land of Lewis and others was being threatened with damages.
4. Under the lease Ada had the right to place pipes across the land of Lewis.
5.Lewis determined that Ada should not be allowed to place the pipeline across his lands without first making an advance settlement with him therefor.
I.
The first question presented is whether or not the trial court was justified in ordering the issuance of a temporary injunction without notice or hearing. Well established is the rule of long standing that we will not overturn a chancellor’s finding of fact unless he is manifestly in error. Griffith, Mississippi Chancery Practice section 674 (2d Ed. 1950).
While the proof may have fallen short of supporting some of the averments of Ada’s bill of complaint, there was ample testimony presented the chancellor to justify his findings of fact. We hold that the facts found by him were supported by substantial evidence and were legally sufficient upon the particular circumstances revealed by the record before us to justify issuing both the temporary injunction without notice as well as the permanent injunction ordered at the trial on the merits. Whether or not a preliminary prohibitive injunction should issue without a hearing and without notice to the party against whom injunctive relief is sought rests in the sound discretion of the chancellor. Where there exists a serious emergency situation which threatens irreparable injury, the issuance of such relief may be proper. Griffith, Mississippi Chancery Practice section 445 (2d Ed. 1950).
II.
Another question involved here is whether or not the owner of the surface has a right to insist upon and receive compensation for damages to his surface rights as a condition precedent to the right of the mineral owner to enter upon such land and to conduct reasonable operations *625 and activities related to production of oil and gas and disposal of waste. The law of this state is that an oil and gas lessee may not be required to pay damages to the owner of surface rights in advance of exercising its legal rights to explore and drill for and produce minerals. Such lessee is, of course, answerable for damages done to surface rights owned by another. Pace v. State, 191 Miss. 780, 4 So.2d 270 (1941).
There was ample testimony before the chancellor to justify his granting the injunctive relief to protect the right of the lessee, Ada in this case, to have reasonable access to the limited use of the land for the production of oil and gas. The disposal of the salt water was a part of the overall operation and did not constitute any unreasonable interference to the right of Lewis to fully enjoy his surface rights. The relief granted Ada in no way deprived Lewis of any of his lawful rights. Said temporary injunction and subsequent permanent injunction merely required him to reasonably exercise his property rights in a manner consistent with the rights of Ada, a lessee of oil, gas and mineral rights.
III.
There is also involved in this case the question of whether or not either party was entitled to damages. The chancellor found that there was no proof in the record entitling either party to damages. He found specifically that the surface owner, Lewis, failed to prove “what, if any, damages he has sustained to the surface.” Upon the proof regarding any issue of damages, we cannot say that the chancellor was manifestly in error. Therefore we will leave undisturbed his findings as well as that part of the final decree denying damages. Of course, the general rule is that damages are not allowable where at a final hearing the motion to dissolve the injunction is overruled. Where an injunction is wrongfully sued out and the court upholds a motion to dissolve “the damages may be ascertained by the court or chancellor” and awarded to the proper party. Griffith, Mississippi Chancery Practice section 462 (2d Ed. 1950).
Having carefully reviewed the entire record before us in this case, we find that the chancellor fairly considered all of the testimony. Based upon said testimony we cannot say that he did not make a correct disposition of the issues presented. We find no reversible error and therefore allow the decree appealed from to stand.
Affirmed.
SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.